# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SEMONE THOMPSON,
              Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,
              Agency.

DOCKET NUMBER
DA-0714-21-0112-I-1

DATE: April 23, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Donald Boyte</u>, Bernice, Oklahoma, for the appellant.

<u>Jamelda W. Burton-Domino</u> and <u>April Garrett</u>, Houston, Texas, for the
    agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which
sustained her removal under the authority of the Department of Veterans Affairs
Accountability and Whistleblower Protection Act of 2017 (VA Accountability
Act), Pub. L. No. 115-41, § 202(a), 131 Stat 862, 869-73 (2017) (codified

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

at 38 U.S.C. § 714). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a GS-12 Social Worker with the Veterans Health Administration in Tulsa, Oklahoma. Initial Appeal File (IAF), Tab 10 at 224. On December 10, 2020, the deciding official sustained by substantial evidence two specifications under the charge of failure to follow instructions, and two specifications under the charge of inappropriate conduct. *Id.* at 23, 148. He removed the appellant from Federal service effective December 15, 2020. *Id.* at 23. The appellant filed a Board appeal of her removal, and after holding a hearing, the administrative judge issued an initial decision, sustaining one specification of the failure to follow instructions charge and one specification of the inappropriate conduct charge. IAF, Tab 73, Initial Decision (ID) at 13-17. Specifically, under the failure to follow instructions charge, the administrative judge sustained the first specification, which stated that the appellant failed to notify her supervisor or the Program Support Assistant of any Return to Clinic Orders despite being directed to do so. ID at 13-15. She did not sustain the second specification, which alleged that the appellant failed to follow instructions when she used a specific conference code for her spirituality group, finding that the agency failed to establish that she acted contrary to valid supervisory instructions. ID at 15. Regarding the inappropriate conduct charge, the administrative judge did not sustain the first specification, which alleged that the appellant engaged in inappropriate conduct by emailing a request for production of documents to her supervisor and a Registered Nurse as part of her Equal Employment Opportunity Commission case. ID at 16. She sustained the second specification, finding that the agency had established that the appellant engaged

in inappropriate conduct when she requested a change of "ownership" of group conference calls to herself. ID at 16-17. Thus, because the administrative judge sustained one of the two specifications under each charge, she concluded that the agency had established the two charges by substantial evidence. ID at 15, 17.

Then, acknowledging the decision by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1379 (Fed. Cir. 2020) (finding that § 714 requires the Board to review for substantial evidence the entirety of the agency's removal decision, including the penalty), the administrative judge found that the agency proved by substantial evidence that removal was supported. ID at 17. After finding that the appellant did not prove her affirmative defenses of retaliation for prior equal employment opportunity (EEO) activity, discrimination based on age, race, national origin, or religion, a disparate impact claim based on race, a failure to accommodate religion claim, whistleblower reprisal, violation of her due process rights, and harmful error, the administrative judge affirmed the agency's action. ID at 18-37.

The appellant filed a petition for review contesting, among other things, the administrative judge's findings that the charges were supported by substantial evidence. Petition for Review (PFR) File, Tab 11 at 5-22. The agency responded in opposition to the appellant's petition for review,[2] PFR File, Tab 14, and the appellant filed a reply to the agency's response, PFR File, Tab 15.

---

[2] In its response, the agency requested that we dismiss the appellant's petition for review as untimely. PFR File, Tab 14 at 6. The appellant's petition for review was due on October 12, 2021, PFR File, Tab 10, and the appellant, who resides in the Central Time Zone, filed her petition for review at 12:01 a.m. Central Time on October 13, 2021, PFR File, Tab 11. Pursuant to 5 C.F.R. § 1201.114(g), we find that the appellant established that there is good cause for waiving the 1-minute filing delay, as she explained under penalty of perjury that she experienced technical difficulties with the Board's e-Appeal system which resulted in the delay. PFR File, Tab 13 at 4-5.

**ANALYSIS**

<u>Remand is required to address whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.</u>

As noted, the deciding official sustained the action based on his conclusion that there was substantial evidence to do so. IAF, Tab 10 at 23. After the initial decision in this case was issued, the Federal Circuit decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that an agency's deciding official must "determine" whether "the performance or misconduct . . . warrants" the action at issue, using a preponderance of the evidence burden of proof. *Id.* at 1298-1301.

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16 (recognizing that a new precedential Federal Circuit decision applied to all cases pending with the Board). The administrative judge and the parties did not have the benefit of *Rodriguez*, and therefore were unable to address its impact on this appeal. We therefore remand this case for adjudication of whether the agency's apparent error in applying the substantial evidence standard of proof was harmful. *See Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 23 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

<u>Remand is required to address the agency's penalty determination.</u>

In *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), issued after the initial decision in this case, the Federal Circuit determined that the Board must consider and apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review

of an agency's penalty selection under the VA Accountability Act. The court held that, although the Act precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors," and that, while the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings")). As we found with the *Rodriguez* case, the Federal Circuit's decision in *Connor* applies to all pending cases, regardless of when the events at issue took place. *See Lee*, 2022 MSPB 11, ¶ 16.

Here, in reviewing the agency's penalty, the administrative judge did not cite to *Douglas*, and except in summarizing the deciding official's testimony, did not mention the factors set forth by the Board in *Douglas*, 5 M.S.P.R. at 306. ID at 17. In the deciding official's decision letter upholding the proposed removal, he did not reference *Douglas*, but he alluded to *Douglas* factors when discussing the penalty, including the nature of the appellant's job responsibilities, her previous discipline, and her lack of rehabilitative potential. IAF, Tab 10 at 23. Thus, the record is unclear as to whether the agency considered the *Douglas* factors in making the decision to remove the appellant. For that reason, and because the administrative judge and the parties did not have the benefit of *Connor*, and therefore were unable to address its impact on this appeal, remand is required for this issue as well.

Instructions for the administrative judge on remand.

On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument addressing whether the deciding official's use of the substantial evidence standard constituted harmful error and

whether the agency properly considered the *Douglas* factors.[3] The administrative judge should hold a supplemental hearing, if requested by the appellant, to address these two issues. The administrative judge should then issue a new initial decision fully addressing the issues in this appeal. The administrative judge should also address the appellant's affirmative defenses of discrimination and EEO retaliation in accordance with the Board's decision in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31. To the extent that it is appropriate, the administrative judge may adopt her original findings on the merits of the charges, nexus, and the appellant's remaining affirmative defenses, but if any of the evidence and argument developed on remand causes the administrative judge to reassess her previous findings, she should explain that in her remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests).

---

[3] In considering the penalty, the administrative judge should be mindful that when all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should only be reviewed to determine whether it is within the parameters of reasonableness in light of the sustained misconduct. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650-51 (1996). Thus, in reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, she should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *See Connor*, 8 F.4th at 1326; *Sayers*, 954 F.3d at 1376, 1379 (identifying the Board's scope of review of the penalty in an action taken under the VA Accountability Act as substantial evidence).

**ORDER**

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando

Clerk of the Board

Washington, D.C.